GOSHORN v. DANIEL. (No. 6650.)

(Court of Civil Appeals of Texas    Galveston. June 17, 1914. Rehearing Denied Oct. 8, 1914.)

1. DAMAGES (§ 81*)—LIQUIDATED DAMAGES.

A contract for the sale of real property provided that to secure performance each party should deposit $50 in a specified bank, and that, if either failed to carry out his part of the contract, he should forfeit to the other party as liquidated damages the amount so deposited. Held, that such provision limited the damages that either party might recover for breach of contract by the other party to the amount so agreed on.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 177; Dec. Dig. § 81.*]

2. JUDGMENT (§ 590*)—RES JUDICATA.

A contract for the sale of real property provided that each party should deposit $50 with a bank, and that, if either failed to perform his part of the contract, he should forfeit to the other the sum so deposited as liquidated damages. The vendee, having rejected the title tendered, demanded a return of his deposit, and, this having been refused, assigned his claim to C, who sued and recovered judgment therefor. Held, that such judgment was res judicata against the right of the vendor to recover any amount against the vendee for alleged breach of contract.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1035, 1063, 1064, 1102–1106; Dec. Dig. § 590.*]

Appeal from Liberty County Court; I. B. Simmons, Judge.

Action by M. P. Daniel against L. Goshorn. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

W. A. Barlow, of Taylor, for appellant. E. B. Pickett, Jr., of Liberty, for appellee.

McMEANS, J. Appellee, M. P. Daniel, a real estate broker, endeavoring to sell a tract of 320 acres of land belonging to J. F. Richardson and E. B. Pickett, Jr., entered into negotiations with Dr. L. Goshorn, who resides in Taylor, Williamson county, which finally, on April 12, 1913, resulted in the execution of a written contract of sale and purchase between them, in which M. P. Daniel, acting for the owners, agreed to sell the land, and Dr. Goshorn agreed to buy, at the price of $7 per acre, partly for cash and partly on credit. It was further agreed that Daniel should, within 30 days from the date of the contract, furnish to Goshorn a complete abstract of title, and that Goshorn would within 15 days thereafter have the same examined and advise Daniel in writing of his acceptance or rejection, and, if he rejected the title, should point out the grounds upon which his objections were based, and that, if any of the defects pointed out were such as could be cured, then Daniel should have 30 days in which to cure the same. The sixth paragraph of the contract is as follows:

"That to secure the performance of this contract on the part of each of the parties hereto they each deposit with a copy of this contract with the First State Bank of Liberty, Tex., the sum of $50. That if either of the parties hereto shall fail to carry out his part of this contract, he shall forfeit to the other party as his liquidated damages the said $50 so deposited, which shall, upon being called for by such party, be paid to him by said First State Bank. If, however, the title to said land should not be approved, then such deposits shall be returned by said bank to the respective parties so depositing same. It is, however, understood that the deposit of said forfeit of $50, by each of the parties hereto, is for the purpose of enforcing the performance of this contract, and is not to be taken as a waiver on the part of either of said parties to have said contract specifically performed."

After the execution of this contract Daniel and Goshorn each deposited $50 with the First State Bank of Liberty, together with a copy of the contract, and within 30 days after the execution of the contract Daniel furnished to Goshorn an abstract of the title to the land, which the latter caused to be examined by his attorney, and within 15 days after its receipt he returned the same to Daniel, and advised him in writing that he rejected the title, pointing out the defects in the same. Immediately after this he demanded of the bank the return to him of the $50 which he had deposited with it, and, this demand being refused, he transferred his claim therefor to one V. C. Compton, and guaranteed to him its payment. Thereafter, on the 11th day of June, 1913, V. C. Compton brought suit against Daniel and the First State Bank of Liberty and Goshorn in the justice court of precinct No. 6 of Williamson county, in which precinct the said Goshorn resided, to recover said sum of $50 so deposited by Goshorn in said bank, and on the 8th day of July, 1913, recovered a judgment in said case therefor. After the institution of this suit in the justice's court, and on the 25th day of June, 1913, and after both Daniel and the bank had been served with citation in the justice's court case, Daniel filed this suit in the county court of Liberty county against Goshorn and the First State Bank of Liberty, alleging a breach by Goshorn of the contract hereinbefore referred to, and sought to recover judgment against Goshorn for $480, which he alleged to be the amount he would have made out of the sale of the land had Goshorn not breached the contract, and, in the alternative, sought judgment for $224.10, which he alleged was reasonable commission or compensation for the services performed by him in negotiating with Goshorn for the sale of the land, and prayed that if judgment should be rendered in his favor for either amount that the deposit of $50 made by Goshorn in the bank be applied as a credit thereon, and that judgment be accordingly entered against both Goshorn and the bank. He further prayed, in the alternative, that he have judgment against Goshorn and the bank for the $50 deposited by the former and held by the latter.

The defendant answered, setting up, among other defenses, the proceedings in the justice's court of Williamson county and the judgment in favor of Compton for the identical $50 deposited by him in the defendant bank as res judicata of plaintiff's right thereto.

The case was tried by the court without a jury and resulted in a judgment in favor of plaintiff, Daniel, against the defendant Goshorn for $50 and in favor of defendant bank. From this judgment the defendant Goshorn has appealed.

[1] We shall not discuss appellant's assignments of error in detail. It is clear, we think, that plaintiff, Daniel, was not entitled to a judgment for any amount against the defendant Goshorn. In the contract upon which the suit is based, and which was introduced in evidence, it was stipulated:

"That to secure the performance of this contract on the part of each of the parties hereto, they each deposit with a copy of this contract with the First State Bank of Liberty, Tex., the sum of $50. That if either of the parties hereto shall fail to carry out his part of this contract he shall forfeit to the other party, as his liquidated damages, the said $50 so deposited."

This provision clearly expressed the intention of the parties to limit the damages that either of them might recover, in the event of the breach of the contract by the other to the amount thus agreed upon. This they had the clear right to do, and, having done so, the plaintiff Daniel's right to recover

damages in an amount other than that stipulated was foreclosed by the contract itself.

[2] Under his pleadings and the facts, if he had any right of recovery at any time, it was limited to the $50 deposited by defendant Goshorn in the bank, but his right thereto had already been determined against him in the suit in the justice's court of Williamson county, the judgment of which court in favor of Compton for the identical sum being res judicata of the claim thereto asserted in this suit. In this view Daniel had no standing in court, and the judgment should have been against him.

For the reasons stated, the judgment of the court below is reversed, and judgment here rendered for appellant.

Reversed and rendered.